IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ANDREW MCGONIGLE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**OMAHA STEAKS, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Andrew McGonigle ("Plaintiff" or "McGonigle") brings this Class Action Complaint against Defendant Omaha Steaks, LLC ("Defendant" or "Omaha Steaks") to stop Defendant's practice of sending text message telemarketing solicitations to consumers which violate the federal Telephone Consumer Protection Act (TCPA) and the Virginia Telephone Privacy Protection Act (VTPPA), and to obtain redress for all persons similarly injured by Defendant's conduct.

2. By sending the text message solicitations at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. To redress these injuries, Plaintiff, on behalf of himself and Classes of similarly situated individuals, brings this suit under the TCPA and the VTPPA, seeking an injunction requiring Defendant to cease all unauthorized telemarketing activity without first obtaining prior express consent from the current user/subscriber of the phone number, as well as an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

3. Plaintiff, for his complaint, alleges as follows upon personal knowledge as to

1

himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

4. Plaintiff McGonigle is a natural person over the age of eighteen (18), and he resides in Tappahannock, Essex County, Virginia.

5. Defendant is a limited liability company with its principal place of business located at 11030 O Street, Omaha, NE 68137. Defendant conducts business throughout this District and nationwide.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute. This Court has ancillary and pendent jurisdiction over the state-law claims under 28 U.S.C. § 1367 *et seq*.

7. This Court has personal jurisdiction over Defendant because it solicits significant business in this District, is headquartered in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed from this District.

## ALLEGATIONS OF FACT

9. Defendant is a large seller of frozen food products, namely steaks.

10. Since on or around August 4, 2024, Plaintiff has been the subscriber and sole

customary user of a personal cellular telephone number ending in 5410. Its area code is 804, which is a Virginia area code.

11. Shortly after acquiring this number, Plaintiff verified that the number has been on the Do Not Call Registry since January 10, 2014.

12. Plaintiff began receiving unsolicited and automated text message solicitations from Omaha Steaks shortly after acquiring his phone number, all sent from the short code 54560 and all sent for the purpose of soliciting the sale of Omaha Steaks' products.

13. Dates of these text message solicitations were: August 12, 2024, August 23, 2024, August 30, 2024, and September 1, 2024.

14. Screenshots evidencing receipt of the messages and their content are produced below:



15. Omaha Steaks did not have Plaintiff's prior express invitation or permission to send any text message solicitations to his cellular telephone number. He did not provide his cellular telephone number to Omaha Steaks, did not opt-in to any marketing or rewards program with Omaha Steaks, and does not have a business relationship with Omaha Steaks.

16. To the extent Omaha Steaks received an opt-in from the prior owner of the number, Omaha Steaks (on information and belief) failed to incorporate the Reassigned Numbers Database into its TCPA compliance practices and failed to remove Plaintiff's number from its system after it was reassigned.

17. Defendant also repeatedly violated the VTPPA. That is, the VTPPA forbids the sending of telephone solicitation text messages to Virginia residents whose wireless number is on the Do Not Call Registry. Defendant sent unlawful telephone solicitations to Virginia residents and those with Virginia area codes, such as Plaintiff, whose numbers appear on the Do Not Call Registry.

18. The VTPPA also requires that telephone solicitors identify themselves by their first and last names. Defendant violated this provision because its employee or agent sending the solicitations messages did identify themselves by their first and last name in the text message.

19. By placing the unauthorized text messages alleged herein, Omaha Steaks has caused Plaintiff and other consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such messages, in addition to the wear and tear on their telephones, consumption of battery life, and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such messages, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant

sent the texts knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components. The receipt of these messages also intrudes on consumers' right to seclusion.

20. To redress these injuries, Plaintiff, on behalf of himself and three (3) Classes of similarly-situated individuals, brings this suit and seeks an injunction requiring Omaha Steaks to cease all unauthorized telemarketing activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Classes defined as follows:

> **National Do Not Call Registry Class**: All persons throughout the United States (1) to whom Omaha Steaks delivered, or directed to be delivered, more than one text message within a 12 month period for purposes of encouraging the purchase of a product or service from Omaha Steaks, (2) where the person's telephone number had been registered with the National Do Not Call Registry for at least thirty (30) days before Omaha Steaks delivered or directed to be delivered at least two of the text messages within the 12-month period, (3) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (4) for whom Omaha Steaks claims prior express consent was obtained in the same manner as Omaha Steaks claims prior express consent was obtained from Plaintiff, or where the number was reassigned and Omaha Steaks claims prior express consent from the prior subscriber.
>
> **Virginia Do Not Call Registry Class**: All persons who reside in Virginia and/or who have cellular telephones with a Virginia area code, who, in the period from two years prior to commencement of this litigation until this class is certified, had a registered number on the Do Not Call Registry for at least thirty days; and (2) received more than one text message soliciting the purchase of an Omaha Steaks product.

>**Virginia Unidentified Caller Class**: All persons who reside in Virginia and/or who have cellular telephones with a Virginia area code, who, in the period from two years prior to commencement of this litigation through December 31, 2025, (1) received one or more text message solicitations sent for the purpose of soliciting the purchase of an Omaha Steaks product; (2) where the sender of the message did not identify themselves by first and last name in the message.

22. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

23. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent telemarketing text messages to hundreds or thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records.

24. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

25. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

26. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant violated the VTPPA;

   (c) whether Defendant systematically sent more than one telephone solicitation text message to individuals who placed their numbers on the DNC Registry who did not previously provide Defendant with their prior express permission or invitation to receive such messages;

   (d) whether Defendant incorporated the Reassigned Numbers Database into its calling practices;

   (e) whether Defendant fails to include a first and last name of the sender in its text message solicitations directed to Virginians; and

   (f) the availability of statutory damages and whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Appropriateness:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff and the Class)**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

31. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

32. Omaha Steaks violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Class members whose numbers were registered on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

33. Omaha Steaks violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Class received more than one text message call in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

34. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

35. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## SECOND CAUSE OF ACTION
**Violation of the Virginia Telephone Privacy Protection Act**
**(On behalf of Plaintiff and the Virginia Do Not Call Registry Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. The VTPPA states, "No telephone solicitor shall initiate, or cause to be initiated, a telephone call to a telephone number on the National Do Not Call Registry …." Va. Stat. Ann. § 59.1-514(B).

38. The VTPPA defines "telephone solicitor" to mean "any person who makes or initiates, or causes another person to make or initiate, a telephone solicitation call on its own behalf or for its own benefit or on behalf of or for the benefit of a seller." Va. Stat. Ann. § 59.1-510.

39. The VTPPA defines "telephone solicitation call" to include "any text message, sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or

advertising any property, goods, or services for sale, lease, license, or investment, [etc.]" Va. Stat. Ann. § 59.1- 510. 4.

40. Under the VTPPA, it is presumed that a telephone solicitation call advertising a seller's property, goods, or services was made for the benefit of the seller and that the seller bears joint and several liability for VTPPA violations arising out of the call. The seller is presumed to be liable whether or not the solicitor was an agent of the seller, and whether or not the solicitor acted under the supervision or at the direction of the seller. Va. Stat. Ann. § 59.1-514.1.

41. Omaha Steaks sent text message solicitations to Plaintiff and other Class members despite their numbers being on the Do Not Call Registry for the purpose of advertising Omaha Steaks' products.

42. Omaha Steaks bears joint and several liability for the text messages without regard for whether the solicitor was an agent of Omaha Steaks or for whether the sender acted at the supervision or direction of Omaha Steaks.

43. A natural person aggrieved by violations of the VTPPA may bring action against the violator for $500 in statutory damages for the first violation, $1,000 in statutory damages for the second violation, and $5,000 for each subsequent violation, plus reasonable attorney fees and costs. If violations of the VTPPA are willful, the damages for first and second violations may be increased to $5,000. Vt. Stat. Ann. § 59.1-515.

### THIRD CAUSE OF ACTION
**Violation of the Virginia Telephone Privacy Protection Act**
**(On behalf of Plaintiff and the Virginia Unidentified Caller Class)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. The VTPPA states, "A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person." Va. Stat. Ann. § 59.1-512.

46. "Telephone solicitation call" is defined to include not just voice calls but also "any text message, sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, [etc.]" Va. Stat. Ann. § 59.1- 510. 4.

47. Thus, Omaha Steaks was required to follow the "first and last name" rule when sending the text messages at issue.

48. Plaintiff is (and was at the time he received the telephone solicitation text messages challenged in this Complaint) a Virginia resident.

49. The relevant phone number which received the telephone solicitation text message challenged in this Complaint has a Virginia area code.

50. Omaha Steaks or telephone solicitors acting for its benefit made telephone solicitation calls in the form of text messages to Plaintiff and the Class to offer Defendant's products for sale.

51. When Omaha Steaks or telephone solicitors acting for its benefit sent these telephone solicitation calls, the caller failed to identify himself or herself by first and last name in the messages, as required by the VTPPA.

52. Omaha Steaks, as a telephone solicitor itself or jointly and severally through telephone solicitors acting for its benefit, is liable for telephone solicitation calls that violate the VTPPA.

53. At no point in any of the telephone solicitation text messages did the solicitor identify himself by first and last name, in violation of the VTPPA.

54. Plaintiff acknowledges that this law was amended earlier this year, but the amendments do not come into effect until January 1, 2026. Under Virginia law, "interpreting a law to apply retroactively is 'not favored, and . . . a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'" *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021) (quotation omitted). The corresponding class definition is defined as ending on December 31, 2025 to account for the amendment.

55. A natural person aggrieved by violations of the VTPPA may bring action against the violator for $500 in statutory damages for the first violation, $1,000 in statutory damages for the second violation, and $5,000 for each subsequent violation, plus reasonable attorney's fees and costs. If violations of the VTPPA are willful, the damages for first and second violations may be increased to $5,000. Vt. Stat. Ann. § 59.1-515.

56. Plaintiff and the Classes demand judgment against Omaha Steaks for statutory damages, special damages, attorney fees and costs, and any other relief provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

    A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B. An award of statutory damages under the TCPA and the VTPPA all to be paid into a common fund for the benefit of the Plaintiff and the class members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA and VTPPA and appropriate injunctive relief;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 20, 2025

**ANDREW MCGONIGLE**, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
    One of Plaintiff's Attorneys

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW, LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

Attorneys for Plaintiff and the Alleged Class

* *Admitted to the Bar of this Court on August 15, 2025*